**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GASPAR TOMAS PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2301-G** |
| | ) | |
| **DON JONES, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Gaspar Tomas Perez, a citizen of Guatemala proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge Charles Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a Response, (Doc. 7), as well as a Notice to the Court with updated information, (Doc. 8).

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Kay County Detention Center in Newkirk, Oklahoma. (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

For the reasons set forth below, the undersigned recommends the Petition be **DENIED** because Petitioner is currently subject to mandatory detention.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Guatemala who entered the United States in 2005. (Doc. 1, at 8; Doc. 7, at Ex. 1, at 2).
- Petitioner was detained by ICE on July 29, 2026, after a traffic stop. (Doc. 7, at Ex. 1, at 2).
- On July 30, 2026, Petitioner was charged with being removable from the United States. (*Id.* at Ex. 3, at 1).
- Petitioner alleges, and Respondents do not contest, that he has not received a bond hearing. (Doc. 1, at 2). A custody redetermination hearing was scheduled before the immigration court on September 15, 2026. (Doc. 7, at Ex. 4). However, Petitioner's immigration counsel withdrew the request for a custody redetermination on September 15, 2026. (*Id.* at Ex. 5).
- On October 13, 2026, an immigration judge denied Petitioner's application for cancellation of removal and denied his application for post-conclusion voluntary departure. (Doc. 8, at Ex. 1, at 1-2). The immigration judge ordered Petitioner removed to Guatemala. (*Id.* at 3). Petitioner waived his right to appeal. (*Id.* at 4).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. He has not received an individualized review of his continued detention. (Doc. 1, at 8).
2. His continued detention is unlawful and unreasonable. (*Id.* at 7).

As relief, Petitioner requests his immediate release from custody or, alternatively, an individualized custody determination and bond hearing. (*Id.* at 8).

While Respondents contend in their Response that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that "this matter is controlled by the Tenth Circuit's opinion in [*Santillan*] *Quiroz v. Mullin*," 180 F.4th 1226 (10th Cir. 2026). (Doc. 7, at 1). Respondents argue, however, that because "Petitioner's attorney withdrew the request for Custody Redetermination" at the scheduled hearing, Petitioner has already been "afforded the only appropriate remedy, an individualized bond hearing," and, therefore, "his habeas petition should be denied." (*Id.* at 2). Respondents state in their Notice that Petitioner is scheduled for transfer from this District and removal to Guatemala. (Doc. 8).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner Is Currently Detained Within the Removal Period and Subject to Mandatory Detention.

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens

detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond)."). Liberally construed, the Petition asserts that Petitioner is subject to § 1226(a) and is entitled to a bond hearing and thus potential release.

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However,

"the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g.*, *Muradyan v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

Thus, Petitioner's pre-removal-order period ended on October 13, 2026, when he was ordered removed and he waived his right to appeal to the BIA. Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until January 11, 2027. Accordingly, Petitioner's claims that his present immigration detention is unlawful are without merit. Any claims as they relate to his pre-removal-order detention are now moot. *See Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (collecting cases, and stating "[a]pplicant's claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot because the Board of Immigration Appeals dismissed his administrative appeal on December 27, 2013, thereby affirming the order of removal"); *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004[,] when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by October 28, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 14th day of October, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE